UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA M. DEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CV-255 CDP |
| SAINT LOUIS CITY P.D., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Alexandra Dean's Application to Proceed in the District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the financial information provided in support, the Court concludes that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Even so, the Court will dismiss this action for the reasons below.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Self-represented

plaintiffs must nevertheless allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional and criminal violations. She names as defendants the St. Louis City Police Department, Officer Darnell M. Willis, Officer Edward Miles, Officer Daymond Wayne Lynn, Officer Megan Anne Rodgers, Officer Shamantha Edwards, and "Brewer-Badge #126." She asserts that on September 12, 2021, several police officers arrived at her home claiming they wished to enroll Plaintiff in a special program for victims. The officers stated that the program "would help her prosecute Dr. Parks in a court of law for the crimes he committed on her[.]" The officers told Plaintiff she needed to "give them her babies and get in the back of the police van." Plaintiff refused and the officers left.

2

Plaintiff states that the officers returned the next day in response to a false report that she was suicidal. She asserts that the officers "engaged in disturbing behavior by taunting her through the windows and expressing anger related to the ongoing custody case." She alleges that "Gina Dean, Betty Jene Hansmann, and the responding officers then facilitated the illegal kidnapping of the Claimant's toddler and baby who were still breastfed at the time."

According to Plaintiff, Officers Miles and Willis used excessive force to restrain her and place her in a police van. Officer Willis then closed the doors of the van, which "began to fill with lethal gas while Edward Miles sat in the driver's seat." Plaintiff reports that the "air in the van resemble[ed] what looked like heat waves, being omitted off scalding asphalt, on a hot summer day." She felt like "she was being incinerated in an oven." Plaintiff was able to yell, "Help! I'm in a gas chamber!" and an unknown officer opened the back of the van. Plaintiff states: "The only reasons [she] is alive today is due to the fact someone who was witnessing these crimes taking place, on Facebook Live, called 911 and a new officer was dispatched to the home."

Plaintiff asserts that Defendants violated her right to privacy under the Ninth Amendment. She also claims Defendants are liable under several state and federal criminal statutes. She asks this Court to indict Defendants for several crimes, including assault, burglary, and attempted murder. She seeks damages and reimbursement of "costs and expenses incurred in prosecuting this action in Missouri."[1]

## Discussion

Having carefully reviewed Plaintiff's original and amended complaints, the Court will dismiss this action for the reasons below.[2]

---

[1] Plaintiff's original complaint contains substantially similar allegations and requests for relief.
[2] Generally, an amended complaint completely replaces an original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that

3

**1. Failure to State a Claim**

Plaintiff does not state whether she is suing Defendants in their official or individual capacities. As a result, the Court interprets the amended complaint to include only official-capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that if a plaintiff's complaint is silent as to capacity, the court interprets the complaint as including only official-capacity claims); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535; *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on an official-capacity claim against a public employee, a plaintiff must establish the governmental entity's liability for the alleged misconduct. *See Kelly*, 813 F.3d at 1075.

Plaintiff cannot do so in this case. According to Plaintiff, Defendants Willis, Miles, Lynn, Rodgers, and Edwards all work for the St. Louis City Police Department. Defendant "Brewer-

---

an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). However, out of an abundance of caution—and in the spirit of liberal construction—the Court has considered Plaintiff's original complaint for this analysis. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed; amended complaint standing alone failed to state claim but plaintiff referenced original complaint in amended complaint and clearly intended to have both complaints read together).

Badge #126" works for the "Crisis Intervention Team (CIT) of Saint Louis City." Thus, because Plaintiff sues Defendants in their official capacities only, the real parties in interest are the Police Department and the "Crisis Intervention Team (CIT) of Saint Louis City." *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (recognizing that the real party in interest in an official-capacity suit is the governmental entity and not the named official). It is well-established that police departments and other subdivisions of local government are not distinct legal entities subject to suit. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amendable to suit."); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court's dismissal of county jail and sheriff's department as parties because they are not suable entities). Thus, the Court will dismiss the amended complaint for failure to state a claim upon which relief can be granted.[3]

2. **Frivolity**

Under 28 U.S.C. § 1915(e)(2), the Court may also dismiss a complaint that is frivolous or malicious. A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

---

[3] The Court also notes that Plaintiff's amended complaint fails to the extent it relies upon state and federal criminal statutes. *See Christy v. Petrus*, 295 S.W.2d 122, 126 (Mo. banc 1956) ("[A] statute which creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent."); *Brown v. Express Scripts*, No. 4:17-CV-866 HEA, 2018 WL 1295482, at *2 (E.D. Mo. Mar. 13, 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action).

whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are clearly baseless if they are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, Plaintiff alleges that Defendants placed her in a mobile gas chamber and attempted to murder her. She reports that "it sounded like the lethal gas was being siphoned through small spouts, built into the walls of the van." She states she survived only because she streamed the incident on Facebook Live. These allegations rise to the level of the irrational and wholly incredible.

The Court also notes that the present matter appears to arise from Plaintiff's state custody proceedings. *See Wach v. Dean*, No. 21SL-DR00305 (21st Jud. Cir. 2021).[4] In that case, the Circuit Court of St. Louis County—relying in part on testimony relating to the police interactions at issue in this case—determined that Plaintiff was unfit and unsuitable to be a custodian for her children.[5] This further supports the Court's conclusion that Plaintiff's allegations are baseless. Thus, the Court finds that Plaintiff's amended complaint is frivolous.

---

[4] Plaintiff adopts by reference all pleadings, papers, and effects submitted in her state custody proceeding. (ECF No. 6 at 7).

[5] This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**Conclusion**

Plaintiff's amended complaint is frivolous and fails to state to claim upon which relief can be granted. For these reasons, the Court will dismiss the amended complaint under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees or Costs is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Case Classification is **DENIED** as moot. (ECF No. 5).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2024.